## DRUMMOND & *ux. versus* DRUMMOND & *al., Executors.*

A testator devised one undivided fourth part of his mills and real estate connected therewith, to his executors, in trust for S. U. D. during her natural life, on the condition that they were to retain the income of that part, and pay over the same towards removing the incumbrances on the mill property, and towards the consideration agreed to be given for it, until one fourth of the incumbrance and one fourth of the consideration remaining unpaid were discharged; subject also to its proportion of the repairs : —

He also devised to his executors all his real and personal estate, excepting the fourth part for the use of S. U. D., to be held by them in trust for the payment of his debts, legacies and bequests; and to pay over the increase thereof, subject to the support of his family, to the payment of said debts, legacies and bequests, until the same were fully paid, when said trust estate was to cease : —

Several legacies of money were given, but no provision in the will was made for his widow : —

He also bequeathed all the residue of his estate to his three children in equal shares : —

The dower of the widow in the mills was determined to be one third of the rents and profits — and after the proportional part of the incumbrances and consideration unpaid at the time of testatator's death, of the fourth part of the mills devised for the use of S. U. D. were discharged, the executors withheld from the devisee one third of the net income of said fourth to discharge the widow's claim for dower : —

*It was held* that such *specific* devise was subject to dower, without contribution or remuneration from the *residuary* estate.

ON FACTS AGREED.

ASSUMPSIT, to recover money alleged to be due the female plaintiff, under the provisions of the will of Jacob Drummond, deceased.

The first devise in the will was to his executors, of one undivided fourth part of the Drummond mills, fixtures, mill privilege and real estate, conveyed to the testator by a certain deed named, "to have and to hold the same in trust for the use of Sarah U. Drummond, during her natural life," with remainder over.

"The aforesaid bequest and devise is made on the condition that my said executors are to retain the income of said fourth part of said mills, and to pay over the same towards removing the incumbrances on said mills and real estate, and towards the consideration given for said mills, until one fourth of the incumbrances on said mills and real estate, and one fourth of the consideration agreed to be paid for the same, and that may be unpaid at the time of my decease, shall have been fully paid and discharged, said incumbrance and consideration being a mortgage, and all the unpaid notes given at the time I purchased one undivided half of said mills; said undivided fourth is also to be liable and subject to pay its proportional part of all the expenses of the repairs of said mills, fixtures, flumes and dam."

The will contained several specific bequests of money to be paid after the discharge of the testator's debts.

The ninth item in the will was as follows:—

"I give and bequeath to my said executors and their successors, all my real estate, excepting said undivided fourth part of said mills, and all my personal estate, to be held by them in trust, for the payment of my debts, legacies and bequests herein made, and to pay over the rent and income thereof, subject to the support of my family, to the payment of said debts, legacies and bequests, until the same are fully paid, when said trust estate is to cease. It is to be optional with my said executors to sell my personal property and apply the proceeds thereof towards the payment of said debts and legacies."

By the tenth item, the testator's interest in "Dow's block and store No. 6," being three undivided fourths, was conveyed to his executors and their successors in trust for his three children during their lives with remainder over.

By the fourteenth item the residue of the estate was bequeathed to his children in equal shares.

The executors named in the will were also appointed trustees of the property and estate given them in trust, for the purposes therein mentioned.

This suit is instituted by Alexander Drummond and Sarah U. Drummond, his wife, to obtain her supposed rights under the first devise in the will.

All the incumbrances upon the estate devised in trust for her had been paid off before the commencement of this suit, and a surplus of money remained in the defendants' hands as the net income of such fourth part.

At the time the testator made his will, and at the time of his decease he owned the whole of the "Drummond mills," three fourths of "Dow's block and store No. 6," also his homestead, valued at $3800; and the three quarters of the mills and his homestead were disposed of only by the residuary clause in the will, and it was admitted, that the annual net income of the homestead and three quarters of the mill property was more than one third of the income of all his real estate.

The testator left a widow who petitioned for dower, and commissioners were appointed by the Probate Court, who were of opinion that no assignment could conveniently be made by metes and bounds, and therefore made none; and the executors have since paid her one net third part of the whole rents and profits of the real estate.

The executors withhold from plaintiff one third part of the net profits and income of the quarter part of the mill so devised for her use, they claiming that it is not exonerated from the charge of dower.

No provision was made for the widow by the will, other than appears in the extracts herein set forth.

If the defendants had no right to withhold the third part of the income of that part devised in trust for the female plaintiff, they are to be defaulted; otherwise a nonsuit is to be entered.

*Wakefield*, for defendants, argued that there being no provision in the will for his wife, the testator intended her dower should be a charge upon all his real estate, and that nothing could be inferred from the language of the bequest, that the fourth part in trust for plaintiff, was to be exonerated from that burthen. The language of the ninth clause plainly indicated the same thing. In that clause this fourth was exempted from the payment of his *debts*, and if from dower also, it should have been mentioned. Besides, the bequest of the residue of the estate to his three children, is as *specific* as this bequest, and according to the proposition of plaintiffs, that part of the estate should be exonerated also.

The provisions of c. 92, § § 14 & 15, do not help plaintiffs' construction. Dower is not a debt. He also argued that there was a manifest consistency between the case of *Blaney* v. *Blaney*, 1 Cush. 107, and the case at bar.

*A. W. Paine*, for plaintiffs, relied 1st, upon the various provisions of the will as showing a manifest intention on the part of the testator to exempt this fourth from the charge of dower.

2d. That the uniform tenor of the decisions, and the well settled principles of law regulating devises, are, that the specific devise of a thing or estate, is an exoneration of it from all charges against the estate or property of the deceased, unless an intention to the contrary is plainly manifested in the language of the will. 2 Jarman on Wills, 395, [552] to [556]; 3 Greenl. Cruise, 359; *Hayes* v. *Seaver*, 7 Greenl. 237; *Humes* v. *Wood*, 8 Pick. 478; *Hubbell* v. *Hubbell*, 9 Pick. 561; *Adams* v. *Brackett*, 5 Met. 280.

3d. That no other claim can be made by defendants except that the *residuary devise* should be regarded as *specific*. It was so regarded at common law, but this was never adopted here. On the contrary, residuary devisees here take

subject to all the permanent charges against the property of the estate, including not only debts and legacies, but the rights of posthumous children, and widows. *Hayes* v. *Jackson*, 6 Mass. 149; *Blaney* v. *Blaney*, 1 Cush. 107; *Bradford* v. *Haynes*, 20 Maine, 105.

4th. That it appeared the undevised real estate was sufficient to satisfy the claims of the widow to dower, and no necessity exists to take away any part of plaintiffs' devise to satisfy her. ·

APPLETON, J. — The claim of the wife to dower in the real estate of her husband extends to each and every parcel of real estate of which he was seized during coverture. It is in no respect subject to the will and control of the husband. He can neither limit nor restrict it. He cannot relieve one portion of his estate from this burthen, and impose it upon another. The right of the wife remains unaffected by any act of his.

Upon examining the will of Jacob Drummond, under which these parties respectively claim, it will be perceived that no specific provision is made for the widow. Her name is not even mentioned in the will. Her legal rights receive no addition from the bounty of the testator. From this, it would seem that it was his intention to leave the legal rights of his wife unaltered; — that the disposition of the law was identical with his wishes, and that being identical, there was no occasion for any specific bequest. In the absence of any controlling provisions, clearly indicative of a different intention, the fair inference would seem to be, that he designed his wife should have the right to his property which the law would give her, and consequently that her right to dower should extend over his whole estate.

The rights of the wife as they exist by law, remaining intact and unaffected, it remains to consider, whether upon the will, the law raises any superior equities among the different objects of the testator's bounty, or exonerates any portion of the estate from the superincumbent right of

dower, which by the common law rests equally upon the whole.

Jacob Drummond, by his will, bequeathed all his estate, real and personal, to his executors, whom he appoints trustees, of which Alexander Drummond, one of the plaintiffs, was one, in trust for the use of his (Alexander Drummond's,) wife, &c., to pay debts, legacies, and in trust for the use of his three children.

In the first clause in the will, under which the plaintiffs claim, the testator bequeaths one undivided fourth part of the Drummond mills, so called, to the trustees named in the will, "to have and hold the same in trust for the use of Sarah U. Drummond, wife of my brother, Alexander Drummond, during her natural life," &c., with remainder over. After providing for various contingencies, it is then added, that " the aforesaid bequest and devise is made on the condition that my said executors are to retain the income of said fourth part of said mills, and to pay over the same towards removing the incumbrances on said mills and real estate, and towards the consideration given for said mills, until one fourth of the incumbrance on said mills and real estate, and one fourth of the consideration agreed to be paid for the same and that may be unpaid at the time of my decease, shall have been fully paid and discharged, said incumbrance and consideration being a mortgage, and all unpaid notes given at the time I purchased one undivided half of said mills and real estate of the heirs of said John Parsons."

" Said undivided fourth is also to be liable and subject to pay its proportional part of all the expenses of the repairs of said mills, fixtures, flumes and dam."

The fourth of the Drummond mills, it will be seen, is thus made subject to its proportional share of the mortgage given for their purchase and liable for its share, for all the repairs which the mill and dam may require. This share is therefore not exempted from any incrumbrances. No allusion is made to dower, and no language indicating any inten-

tion to relieve this undivided share from its common liability to dower.

The ninth clause in the will is as follows : — " I give and bequeath to my said executors, and their successors, all my real estate, excepting said undivided fourth of said mills, and all my personal estate, to be held by them in trust for the *payment of my debts, legacies and bequests herein made,* and to pay over the rent and income thereof, *subject to the support of my family,* to the payment of said debts, legacies and bequests, until the same are fully paid, when said *trust estate is to cease."*

Upon the termination of the trust created for the payment of debts and legacies — the trustees are to hold the two thirds of the Dow's block and store No. 6, one third in trust for each of the children of the testator, with remainders over.

The claim of the plaintiff is, that the estate devised to trustees for her use, should be exempted from dower, and that the same should be a charge upon the remaining three fourths of the Drummond Mills. In case the devise had been of a specific portion of lands, the proposition is that the remaining portions of the estate should remunerate the specific devisee for any loss incurred in consequence of the dower, which may be set apart for the widow. If there should not be other real estate, then the personal estate should contribute, and the ultimate result would be that dower would be a charge upon the personalty. At all events, the plaintiff is not entitled to recover, unless the specific devisee of real estate has a right to have the estate devised exonerated from dower by giving the widow dower on the residuary estate devised, or in charging upon the estate thus devised, the value of the dower estate, and in compelling the same to contribute to the specific devisee such sum as will remunerate him for the loss incurred in consequence of dower. The question to be determined is whether the plaintiffs have such legal or equitable rights.

The general principle seems well established that in case

of the devise of an estate charged with a mortgage by the devisee, that the devisee has a right as against the personal or real estate not specifically devised, to have the mortgage discharged, and that the assets of the estate will be so marshalled as to accomplish this result. The claim to exoneration is founded on " the notion that the personal estate of the testator who made the mortgage, had the benefit of its creation, and therefore shall be the fund to liquidate it; and cases which do not fall within the reason, are excluded from the operation of the rule. Thus it is clear that when the estate has come to the last owner, either by devise or descent, incumbered with a mortgage, and he has done no act in his lifetime evincing an intention to make the debt his own, the personal estate (not having had the benefit of the mortgage,) will not be liable to pay it; but the devisee or heir of the last owner will take it *cum onere*; nor, it seems, will the act of such last owner, rendering himself personally liable to the debt, in every instance transfer it to himself as between his representatives, unless such appears upon the whole transaction to have been his deliberate intention." 2 Jarman on Wills, 557.

The right of the widow to dower in the estate of her deceased husband, which descended to the heir at law, or which may have been specifically devised, in no sense constitute a debt against his estate; it is no legacy from him, nor is the personal estate so benefited that it should upon any recognized principles of law, be held to contribute to remunerate the specific legatee for loss arising from dower. It in no sense is an incumbrance within the principles applicable to a case like the present.

The ninth clause in the will imposes upon the estate the payment of " debts, legacies and bequests." But from this language, no inference is to be drawn that the deviser intended that the burthen of dower should be removed from the specific devises, and be imposed upon the residuary estate. The specific trust thus created would seem by necessary implication to negative the claim of the plaintiffs.

The counsel for the plaintiffs have referred to the case of *Blaney* v. *Blaney*, 1 Cush. 107. In that case it was held that where the estate of a devisee is taken for the dower of the testator's widow, the right of the devisee to contribution, under stat. of 1839, c. 96, is the same as it would have been under R. S. c. 92, § 25, if the estate devised had been taken for the payment of the testator's debts. The right to contribution in case a portion of the estate devised is taken for dower, rests in Massachusetts entirely upon the special provisions of their statute. But in this State no such statute has been passed. The rights of the parties here must be determined by R. S., c. 92, § § 14, 15, 16, or by the principles of law or of equity, according to none of which are the plaintiffs entitled to the relief claimed. The case of *Blaney* v. *Blaney* must, therefore, when justly regarded, be held as adverse to the plaintiffs, and as an authority confirmatory of the conclusions to which we arrive.

The result is, that the estate specifically devised must bear, without contribution or remuneration from the residuary estate, the burthen of the dower of the wife of the testator therein. *Plaintiffs nonsuit.*

SHEPLEY, C. J. did not concur.