JOHN B. HILL, administrator of the estate of Waldo T. Peirce, *vs.* WEBSTER TREAT, admistrator of the estate of Robert Treat.

Waldo. Decided July 3, 1877.

*Trust. Executors and administrators.*

The title of one who purchases of a testamentary trustee is defeated by the insolvency of the testator's estate and a sale of the property by the administrator for the payment of debts.

The sale of property by the survivor of an insolvent partnership, though made in accordance with the will of the deceased partner and for the purpose of paying partnership debts, is void unless he first qualify himself to administer upon the partnership estate by giving the bond required by law and obtaining a license to make the sale from a court of competent jurisdiction.

ON REPORT.

ASSUMPSIT upon the following contract, dated October 12, 1857, and signed by Robert Treat : "Received of Waldo T. Peirce, by hand of George A. Peirce, a deed signed by said Waldo T. Peirce, as surviving partner of Hayward Peirce, all the interest which the said Hayward Peirce had in township No. 2, in eleventh range, Piscataquis county, said deed dated October 9, 1857, also a deed dated October 9, 1857, conveying to me and George A. Peirce, trustee of Catharine Peirce, by said Waldo T. Peirce, of all his own interest and his late partner, Hayward Peirce, had in township No. one, in the eleventh range, Piscataquis county.

" Now, I hereby agree to account to Waldo T. Peirce and Hayward Peirce, their heirs or assigns on demand, at the rate of one and 50-100 dollars per acre for all the land that comes to me by said deeds when I receive a good title of the same, with the understanding that my accounts against the firm of W. T. & H. Peirce

shall be paid from the above, and I also agree that the accounts referred to above against Waldo T. Peirce and W. T. & H. Peirce are and shall be such as I now hold against them."

The declaration alleges a demand and a refusal to account.

The plaintiff put in the contract, the deeds referred to, also the will of Hayward Peirce made immediately before his death in December 1854, the first item of which provides for the payment of his private and partnership debts and for that purpose, in addition to the control and rights which the law gives a surviving partner, gives his brother and partner Waldo T. Peirce, full power to sell and convey any real estate held by the testator and brother in common, in order to pay copartnership liabilities of the firm, with certain immaterial exceptions.

In order to present certain questions for the determination of the court it was admitted :

" That the estate of Hayward Peirce was insolvent. It was represented insolvent in the probate court, June 28, 1858. That the copartnership named in the will was also insolvent, and that the lands sold, now in question, were sold to pay the debts of the firm and were needed for that purpose.

" That said Robert Treat held the land during his life ; that since his death, and a division of his real estate among his heirs, the heirs have sold and conveyed the whole of the lands in question in different parcels and by each heir separately, some by quitclaim deeds and some by deeds of warranty.

" That the administrator of Hayward Peirce's estate, under a decree and order of court of probate, sold, January 8, 1868, all the right and interest of said estate in these lands to W. T. Peirce."

Waldo T. Peirce, the plaintiff's intestate, died in April, 1858.

If in the opinion of the law court this action can be sustained for any amount, the defendants demanded the allowance of their account in set-off, which question of amounts is to be referred to some proper person to be appointed by the court at *nisi prius,* and the same person is to determine the actual number of acres which were conveyed by the deed to Robert Treat from Waldo T. Peirce.

*A. W. Paine*, with *J. Williamson*, for the plaintiff.

*N. H. Hubbard*, for the defendant.

WALTON, J.   The principal question is whether the title of one, who purchases of a testamentary trustee, is defeated by the insolvency of the testator's estate and a sale of the property by the administrator for the payment of debts.

We think it is.   All testamentary titles are liable to be thus defeated.   The title of a devisee is defeated by such a sale.   So must be the title of one purchasing of him.   The same must be true of the title of a testamentary trustee, and of one holding under him.   This is a necessary result of the rule of law that the testator's property is primarily holden for the payment of his debts, and may be sold by his administrator for that purpose. Such a sale necessarily defeats all testamentary titles.   The right to dispose of property by will is subject to this express statutory provision, that no part of the estate can be exempted from liability for the payment of debts, if required.   R. S., c. 74, § 7.

The title of Robert Treat must therefore fail, unless it can be supported upon some other ground than the power of sale contained in Hayward Peirce's will.   The sale by the administrator under license from the probate court rendered that source of title inoperative.

It is suggested that perhaps the sale may be sustained upon the ground that it was made by Waldo T. Peirce, as surviving partner, as well as by virtue of the authority contained in his brother's will.   We think not.   Such a sale could not legally be made unless the surviving partner first qualified himself to administer upon the partnership estate by giving the bond required by law; nor unless he first obtained a license to make the sale from a court of competent jurisdiction.   *Cook* v. *Lewis*, 36 Maine, 340.   *Buffum* v. *Buffum*, 49 Maine, 108.   No such bond appears to have been given in this case; nor is it claimed that any such license was obtained.

The result is that Robert Treat's title to so much of the land attempted to be conveyed to him by Waldo T. Peirce, as formerly belonged to Hayward Peirce, must be regarded as having failed;

and to this extent the right to maintain this action to recover the price agreed to be paid for it has also failed; but for the balance of the land conveyed the action is maintainable; and the amount to be recovered must be determined by some proper person to be appointed by the court at *nisi prius*, as agreed by the parties in the report of the case.

> *Action maintainable in part, amount to be determined by a person to be appointed by the court at nisi prius, as agreed in the report, upon the principles stated in the opinion.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.