LUCRETIA A. MORSE, in equity, *vs.* HATTIE E. M. HAYDEN, and others.

Knox. Opinion December 31, 1889.

*Will. Conditional devise. Lapsed devise. Lineal descendant. Payment of debts. Contribution. R. S., c. 78, § 10.*

A devise of real estate and specific personal estate on condition that the devisee shall provide and maintain the son of the testator and devisee until

he shall attain his majority is a gift on a condition subsequent; and if the son die during the lifetime of the testator, the devisee will hold the property by an absolute title as if no condition had been attached.

Where real property is devised to the testator's two daughters and two sons to be equally divided among them and one of the sons dies in the lifetime of the testator, what was intended for him will, in the absence of any controlling provisions in the will, lapse and become intestate property.

The mother is not a "lineal descendant" of her son within the meaning of R. S., c. 78, § 10.

Where no specific provision is made for the payment of his debts by the testator, personal estate is the primary fund for their payment. If that is not sufficient, then the lapsed devise may be applied thereto. If debts still remain, then specific devises must contribute *pro rata.*

IN EQUITY.

Bill in equity by the executrix of the will of George W. Morse, of Union, deceased, to obtain the construction of the will and her duty in regard to her own share in the real and personal estate ; the shares of the surviving children of the testator; and from what property the debts of the estate shall be paid. The widow did not waive the provisions of the will.

The case is stated in the opinion.

COPY OF WILL.

Know all men by these presents that I, George W. Morse of the town of Union, County of Knox, State of Maine, being of sound and disposing mind and memory, do make, ordain and publish this my last will and testament in manner and form following, viz :—

1. I direct that all the lawful debts I shall owe at the time of my decease and my funeral expenses shall be paid out of my estate by my executrix hereinafter named :

2. I give and bequeath to my beloved wife, Lucretia A. Morse, one undivided half of my homestead containing about ninety-six acres, also my pleasure carriage and best harness, together with my horse and best sleigh and best buffalo robe, also two best cows, on condition that my wife Lucretia, shall provide and maintain our son, Sydney E. Morse, until he shall attain his majority.

3. I direct my executrix to cause a granite monument, the

cost of which shall not exceed two hundred dollars to be placed on my lot in the cemetery.

4. I give and bequeath to my son Leslie M. Morse, and my daughters, Hattie E. M. Hayden of Rockland and Mary E. Potter of Central City, Colorado, and my son, Sydney E. Morse, one undivided half of the homestead, not before willed to my wife, Lucretia, also the meadow near Crawford's Pond, so called, to be equally divided between them.

5. I direct that the notes of my wife Lucretia A. Morse and my son Sydney E. Morse hold against me shall be paid out of my estate by my executrix without regard to the statute of limitation.

6. I give to my beloved wife, Lucretia A. Morse, all the remaining personal property not willed away.

7. I hereby appoint my wife, Lucretia A. Morse, executrix of this, my last will and testament, and request that she shall not be sworn.

*T. R. Simonton,* for plaintiff.

*T. P. Pierce,* for defendant.

VIRGIN, J. The construction of a will and the mode of executing the trust by the executrix are sought by these parties.

The testator, by the second item of his will gave to his wife one undivided half of his homestead of ninety-six acres together with his pleasure carriage, best harness, horse, best sleigh and buffalo robe and two best cows, "on condition that she shall provide and maintain our son Sydney E. Morse until he shall attain his majority."

1. Was the land and personal property mentioned given on a condition precedent or subsequent?

We have no doubt it was on condition subsequent. Conditions have no idiom. Whether precedent or subsequent is a question purely of intention to be gathered from the whole language adopted. Such conditions of support and maintenance in wills without any language charging the property with the performance of the conditions, or in deeds conveying farms, would seem

to be conditions subsequent because of the implication that the devisees or grantees are to have possession and control of the premises for the purpose of fulfilling the conditions. *Marwick* v. *Andrews*, 25 Maine, 525; *Thomas* v. *Record*, 47 Maine, 500; *Bryant* v. *Erskine*, 55 Maine, 153, 156. Being a condition subsequent and its performance rendered impossible by the act of God which resulted in the death of Sydney in the lifetime of the testator, the devisee holds the property by an absolute title as if no condition had been attached. *Cary* v. *Burtie*, 2 Vern. 331, 339; 4 Kent. Com. 130; *Merrill* v. *Emery*, 10 Pick. 507, 511; *Parker* v. *Parker*, 123 Mass. 584.

2. By the fourth item the other half of the homestead together with the meadow was given to the testator's two daughters and two sons, one of whom was Sydney above named, "to be equally divided between (among) them." Had all the children survived the testator they would have held severally as tenants in common. *Anderson* v. *Parsons*, 4 Maine, 486, 489. R. S., c. 73, § 7. But as Sydney died before the testator, what was intended for him would, under a general rule of the common law in the absence of any controlling language to the contrary in the will, lapse and become intestate property. *Morley* v. *Bird*, 3 Ves. 628; *Page* v. *Page*, 2 P. Wms. 489; *Snow* v. *Snow*, 49 Maine, 163; *Anderson* v. *Parsons*, *supra*. To this common law rule, the statute has created an exception which prevents the lapsing of a devise under the circumstances mentioned, when the devisee was a relative of the testator and died before him leaving lineal descendants, who take by substitution. R. S., c. 74, § 10. *Keniston* v. *Adams*, 80 Maine, 290. While the devisee in the case at bar was a relative of the testator, he did not leave "any lineal descendants,"—that is, any issue which is synonymous with "lineal descendant" (2 Wms. Exrs. 1000; 3 Pom. Eq. 1145 Notes; 2 Redf. Wills. 73) and hence would not include his mother.

3. From what part of the estate shall the debts be paid? The will makes no specific provision therefor, but simply directs "all his lawful debts and funeral expenses to be paid out of his estate by his executrix" who is his widow. How much they amount to does not appear.

As personal estate is the primary fund for the payment of the debts, real estate is only to be resorted to as an auxiliary fund. *Quimby* v. *Frost*, 61 Maine, 77, 81. Therefore, the will having made no specific provision, the personal property given to the wife in the sixth item of the will valued in the inventory at "$500 exclusive of notes and demands," is first to be appropriated. If the personal property be insufficient, then the lapsed devise,—viz: the one-eighth of the homestead devised to Sydney "may be applied in exoneration of the real estate devised." R. S., c. 74, § 13.

If debts still remain unpaid, then recourse must be had to the specific devises in items two and four, neither of which has preference over the other. For although when a widow foregoes her right of dower by omitting to seasonably waive the provisions for her in the will she thereby takes the devise in the character of a purchaser, (R. S., c. 103, § 10 ; *Allen* v. *Pray*, 12 Maine, 138 ; *Hastings* v. *Clifford*, 32 Maine, 132 ; *Towle* v. *Swasey*, 106 Mass. 105) and the devise to her has a preference over all general legacies, (*Moore* v. *Alden*, 80 Maine, 301) still it has none over a specific devise, (*Towle* v. *Swasey*, *supra*) and hence they are to contribute *pro rata* if at all.

*Decree accordingly.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and HASKELL, JJ., concurred.