SCHLEY v. COLLIS et al.

(*Circuit Court, S. D. Georgia, E. D.* June, 1891.)

1. WILLS—ASSENT OF EXECUTORS—PRESUMPTION.

Where a will provides that the executors shall hold certain land as trustees for testator's brother for life, and the brother has been in possession of the land for several years after testator's death, with the full knowledge of the executors, and has paid the taxes thereon, the assent of the executors to such bequest will be presumed.

2. SAME—SPECIFIC LEGACY—ABATEMENT.

Where a specific legacy under a will has been assented to by the executors, such legacy is only ratably liable for the payment of a judgment thereafter rendered against the executors.

3. SAME—EXECUTOR AS LEGATEE.

Where an executor accepts a benefit under the will, he cannot direct that an execution against the estate be satisfied by the sale of a specific legacy, which has been assented to by the executors.

In Equity. Bill by Philip A. Schley against Charles H. P. Collis, Thomas M. Norwood, James W. Schley, and W. P. Corbett, United States marshal, to enjoin the sale of property by the marshal.

*W. W. Montgomery*, for plaintiff.

*Charlton & Mackall*, for defendants.

SPEER, J. This case depends upon the following statement of facts: One Anderson was the assignee, under the laws of New York, of the estate of De Leon, and committed a *devastavit* thereon. William Schley, late of this district, was the surety upon the assignee's bond; and after the death of Schley, who died testate, Collis, who had been substituted as assignee of this New York estate, brought suit there, on the bond of the defaulting assignee, and obtained judgment for the sum of $7,000. The record of the proceedings there was brought to this district, and suit instituted in the circuit court, at common law, against the executors of William Schley, to-wit, Thomas M. Norwood and J. W. Schley, on their testator's obligation as surety for Anderson, assignee, and a verdict and judgment were rendered against them as executors. The execution was issued upon that judgment, and was levied upon a certain estate known as "Richmond Hill," near Augusta, claimed by the complainant in the bill now before the court, which was duly advertised for sale. This complainant is Philip A. Schley. He was the brother of William Schley, and he claims an estate for life in Richmond Hill by virtue of the following item of the will of William Schley:

"*Item 5th.* I direct that my old home, known as 'Richmond Hill,' in Richmond county, Georgia, shall be held by my executors as trustees for and during the lives of my sister Mary Ann Haines, and my brother Phillip A. Schley, and during the life of the survivors of them; my purpose being to give them a home as long as they live."

The plaintiff insists that Richmond Hill cannot be lawfully sold under execution for the debts of William Schley, sued to judgment, after the specific legacy made by the clause of the will above quoted was assented to by the executors, and after the property had long been in his possession. He had been in possession of this property long anterior to the death of William Schley, and continuously since then. It is in dispute whether he was there by the express assent of the executors, or as a tenant by sufferance; but, in the view the court has of the law, that fact is not important to be settled at this time. The rule, as announced by the supreme court of Georgia in *Parker* v. *Chambers*, 24 Ga. 527, may be deduced from the following extract from that decision:

"The objection that no evidence was submitted to the jury to prove the assent of the executor to the legacy to Chloe Parker and her children cannot be sustained. The executor allowed the property to remain in the possession of the tenant for life, and that was an assent to the entire legacy. It was in her possession at the death of the testator, and remained there, with the assent of the executor, of course."

In *Jordan* v. *Thornton*, 7 Ga. 520, the court observes:

"It was further claimed before the court below that there was no assent to the legacy by the executor proven, and therefore the plaintiff had no right of action. The court held that assent might be implied from possession; and as there was some evidence of possession, both in the tenant for life and in the plaintiff, after her death, he left that question to the jury. And this view of the case we affirm. Assent to a legacy is necessary to enable a legatee to sue at law for his legacy. It is not necessary to show an express assent; it may be implied from facts and circumstances. The assent, it is true, must be clear and unambiguous. The possession of the property willed does make out a clear case of assent by implication."

—Citing 2 Williams, Ex'rs, p. 986; Math. Pres. Ev. 267; 3 Prest. Abst. (2d Ed.) 145; *Richardson* v. *Gifford*, 1 Adol. & El. 52, 3 Nov. & M. 325; and other authorities.

For the purposes of this investigation, therefore, the court concludes that the assent to this specific legacy was made by the executors.

And, moreover, these executors may not be heard to deny this. It is in evidence that one of the executors took a benefit under the will. He received certain property thereby, and mortgaged it for his purposes. That mortgage is in evidence, and it concludes the executor, because it contains recitals which show that the executor relied for his title to the mortgaged property upon the will itself; and the authorities seem to be plain and conclusive that he who accepts a benefit under a will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it. *Hamer* v. *Legion of Honor*, 78 Iowa, 245, 43 N.W. Rep. 185; *Eichelberger's Estate*, 135 Pa. St. 160, 19 Atl. Rep. 1006, 1014; *Scholl's Appeal*, (Pa.) 17 Atl. Rep. 206; *Vanzant* v. *Bigham*, 76 Ga. 759; *Taliaferro* v. *Day*, 82 Va. 79. All the

decisions are comparatively recent, and quite a number of others might be cited in support of that proposition.   Indeed, the statute law of this state seems to recognize the doctrine without qualification.   Code Ga. §§ 2456–3162.   This rule would seem especially applicable where the legatee is also an executor, who qualifies solemnly as such to execute the will, and therefore the entire will.   It is clear, therefore, that there was an assent to this specific legacy, and it is equally clear that the assent was distinctly and definitely made, with all of its legal effectiveness, before the date of judgment upon which the plaintiff at common law and defendant here relies for the enforcement of his rights; and that J. W. Schley, the executor, taking a benefit under the will, may not be heard to deny this.   It will follow, therefore, that if the plaintiff in the execution seeks to subject this specific legacy, assented to, as we have seen, by the executor, to the payment of his debt, he must adopt a proceeding other than that to which he has resorted.   The case of *Justices, etc.*, v. *Moreland*, 20 Ga. 146, is, we think, sufficient authority for this proposition.   The court, Justice McDONALD delivering the opinion in that case, makes this announcement:

"This is a proceeding at law to subject to the payment of a judgment against the administrator, obtained in 1854, a negro man, who had been distributed in 1848 to the claimant, who was one of the heirs at law of the defendant's estate.   If the legal lien of the judgment upon the property had not attached before the distribution, it is not subject thereto, unless there was fraud in the distribution.   If the suit on which the judgment was rendered was pending at the time of the distribution, the question whether the distribution was made to delay and hinder the creditor in the collection of his debt ought to have been submitted to the jury.   But the record discloses no such fact.   There is no legal reason why the legal title of the claimant to the property which had passed to him without fraud nearly six years before should be disturbed by the judgment.   This property is unquestionably liable, ratably, to pay the plaintiff's judgment, if the administrator has not assets or is not solvent; but it must be subjected by a different kind of proceeding, before a tribunal that can bring all the heirs of the estate before it, and compel those who are solvent to contribute, ratably, to the payment.   If some are solvent, those who are able to pay may be compelled to contribute to the extent of the assets, if necessary, received by them."

It follows, therefore, we think, conclusively, that the plaintiff here has no right to single out this specific legacy, and fasten his entire debt upon that.   The judgment should have been, under the pleading, *de bonis testatoris*.   Williams, Ex'rs, 1388, 1389; Code Ga. § 3573.   Specific legacies are favorites of the law.   When no specific provision is made for the payment of the testator's debts in the will, the personal estate is primarily liable.   If that is insufficient, a lapsed devise may be applied thereto, and, if debts still remain, specific devises must contribute *pro rata*.   *Morse* v. *Hayden*, 82 Me. 227, 19 Atl. Rep. 443; *Ruston* v. *Ruston*, 2 Dall. 245.

It appears that this property was returned for taxes by the plaintiff for 17 or 18 years, and it appears that the executors were absolutely silent about it, although they were obliged to make an inventory of the real property lying outside of the county of Chatham, in which their ex-

ecutorship was located. We have the testimony of the ordinary of Chatham county that they made no return whatever of this property, and these facts are all material. On the final trial of this case an interesting question will arise, also, upon the proposition of plaintiff that this creditor could not now subject a specific legacy to the payment of his debt because of an alleged collusion on his part with the executors. He is seeking to enforce the judgment now against the executors, and there is some evidence which seems to indicate it was understood that the executors would be relieved from the lien of this judgment. We are not prepared to say how important the question is at this time, but, if it be true that the executors have been relieved from liability upon this judgment, it may become quite important to the rights of the plaintiffs in execution, who are the defendants in this bill. The judgment was taken against the executors as such, and that is conclusive of assets. This is so held in *Demere* v. *Scranton*, 8 Ga. 47. The general estate, as we have seen, would be first liable to pay the debts; and, if the executors have permitted a *devastavit* as to the general estate of William Schley, which would be in the first instance liable for this debt, it would be, perhaps, quite important to determine whether their individual estate would not be liable, rather than a specific legacy which they had assented to.

There are several other questions which have been presented in argument, but the court has indicated enough to justify in its opinion the conclusion that this is a case which should be inquired into more carefully upon sworn testimony, taken in the usual manner, in equity, and upon fuller consideration. It is not one of those cases which should be disposed of on a preliminary hearing. We think, therefore, that the injunction restraining the sale under execution should be made permanent, and the case proceed as usual in equity.