GEORGE F. EATON
AND
MERCHANTS NATIONAL BANK OF BANGOR

CO-TRUSTEES U/W OF GEORGE E. TOWNSEND, DECEASED
*vs.*
EMMA TOWNSEND MACDONALD AND JOHN E. TOWNSEND

Penobscot.    Opinion, October 21, 1958.

*Francis Finnegan,* for plaintiff.

*Pilot & Pilot,*
*Lawrence W. Jones,* for defendants.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.    This is a bill in equity brought by the testamentary trustees of George E. Townsend for the construction of the will and for instructions relating to the administration of their trust.

The cause is before us upon the appeal of the defendant, Emma Townsend MacDonald.

On August 25, 1953, George E. Townsend executed his last will and testament.

The only clause relating to payment of debts is to be found at the very beginning of the will and reads as follows:

"After the payment of my just debts, funeral charges and expenses of administration, I dispose of my estate as follows:"

Under the first paragraph of his will he bequeathed the sum of $100.00 to a brother.  Under the provisions of the second paragraph he bequeathed and devised to his daughter, Emma Townsend MacDonald, his homestead property together with the furniture contained therein, with the exception of furniture purchased by John E. Townsend for the use and benefit of his parents.  Under the provisions of the third paragraph he made a specific bequest of his automobile to his daughter, Emma Townsend MacDonald.  Under the provisions of the fourth paragraph he bequeathed to John E. Townsend, the household furniture in the homestead which John E. Townsend had purchased.  Under the provisions of the fifth and sixth paragraphs, he devised certain specific real estate to his son John E. Townsend.

Under the provisions of the seventh paragraph, he devised his summer cottage to John E. Townsend and bequeathed to him the furniture and furnishings contained therein. He also devised certain real estate in New York to his son John E. Townsend; and he bequeathed to him certain stock in Townsend's Food Shop, Inc. Under the provisions of the eighth paragraph, he bequeathed and devised all of the residue of his estate in equal shares to Emma Townsend MacDonald and John E. Townsend. He named the defendants and Merchants National Bank of Bangor as executors and provided that all taxes assessed against his estate be a charge against the residue.

It will be noted that all of the bequests and devises are specific with the exception of those provided for in the first and eighth paragraphs of the will.

On September 21, 1953, George E. Townsend executed a loan with the Merchants National Bank in the principal sum of $9,025.00 and he conveyed, as security therefor, by way of mortgage, the real estate specifically devised to his son, John E. Townsend under the fifth paragraph of his will. At the time of the death of George E. Townsend, this mortgage claim remained outstanding and unpaid.

On May 14, 1954, George E. Townsend executed a codicil to his will, by which codicil he ratified and confirmed his will with the exception that, excluding the furniture bequeathed to his son, John E. Townsend, under the provisions of the second paragraph of his will, he bequeathed and devised the property originally bequeathed and devised outright to his son, John E. Townsend, to the plaintiffs herein as trustees for the benefit of John E. Townsend. The trust was to continue for a period of ten years following the decease of the testator or until the decease of the son, John E. Townsend, whichever event occurred first; and upon termination of the trust, the balance remaining in the trust estate to be

distributed to the son, John E. Townsend, if he be living, otherwise to his daughter, Emma Townsend MacDonald; and in the event of her death prior to the end of the ten year period, then the trust was to be continued for the benefit of a grandson, until this grandson reached the age of twenty-one years, at which time, the trust should terminate and the assets be turned over to the grandson.

The codicil contains no further instructions relating to payment of the debts of the testator.

George E. Townsend died on October 12, 1954, and his will, together with the codicil were allowed as his last will and testament by the Probate Court within and for the County of Penobscot.

Although the Merchants National Bank is a co-executor as well as co-trustee, this plaintiff prosecutes the action only in its capacity as trustee.

The other plaintiff, George F. Eaton, died pending hearing upon the bill and the Merchants National Bank, in its capacity as sole surviving trustee has prosecuted the action.

The personal assets are insufficient to pay the debts of the testator.

It is alleged in the bill, that the executors of the will, upon proper petition addressed to the Probate Court within and for the County of Penobscot have been licensed to sell the real estate devised in trust for the benefit of John E. Townsend under the sixth paragraph of the will.

It is further alleged that unless a court of competent jurisdiction determines otherwise that virtually all of the burden of estate indebtedness and administration expenses will be borne solely by that portion of the George E. Townsend estate devised in trust for the benefit of John E. Townsend.

The plaintiffs allege that they are in doubt as to the mode of executing their trust and they are not certain whether their duty as such trustees requires them to take action to exonerate the trust estate from the indebtedness and other charges, to the end that some portion of said indebtedness and charges may be allocated ratably to all beneficiaries under the will.

The plaintiffs in their capacity as trustees ask for instructions upon the following questions:

"1. Does the provision in the will of the said George E. Townsend, deferring distribution of his estate until after payment of his just debts, require payment of the secured debt, as well as the unsecured debts of the decedent, before distribution is made?

"2. Do the petitioners in their capacity as trustees have a duty to take proceedings to relieve the trust estate from a ratable part of the indebtedness and charges of administration of said decedent to the end that the said indebtedness and charges may be equitably and proportionately charged against all beneficiaries under said Will?

"3. Do the petitioners as such trustees have the right or are they under any obligation to expend any part of the said trust estate, either principal or income, for any of the following purposes?

"(a) To reimburse the estate of George E. Townsend for estate obligations incurred for the sole benefit of John E. Townsend or for personal property heretofore delivered to the said John E. Townsend.

"(b) To pay all or any part of the mortgage debt owed to said Merchants National Bank of Bangor.

"(c) To pay all or any part of the remaining unsecured debt not incurred for the direct benefit of the said John E. Townsend."

The plaintiffs further pray that if they are found to have the duty of eliciting a contribution from the other beneficiaries that interlocutory proceedings in connection with their bill may intervene so as to consolidate in one cause of action proceedings to insure an equitable allocation of said indebtedness and charges of administration.

The issues are raised by the answers of the defendants, John E. Townsend and Emma Townsend MacDonald.

The defendant, John E. Townsend, by his answer contends that if there should be insufficient personal property, it is the duty of the executors to sell so much of the real estate of the deceased as may be necessary to pay his indebtedness and expenses of administration; and that if any real estate is taken from any beneficiary under the will for the purpose of sale to pay the debts and expenses of the deceased, that it is the duty of the executors to collect contributions from all beneficiaries; so that the beneficiary whose real estate has been sold shall share the loss *pro rata* with other beneficiaries in accordance with the bequest or devise under the will.

The defendant, Emma Townsend MacDonald, by her answer contends that the real estate devised to her under the will of George E. Townsend is not subject to the payment of debts of the estate.

The case was heard in equity by a Justice of the Superior Court, who found that all of the estate of George E. Townsend was liable to the payment of all of his debts, both secured and unsecured, and that to the extent it became necessary to resort to specifically devised real estate, a *pro rata* contribution towards payment of such debts should be made by the specific devisees and legatees.

It is from this finding that the defendant, Emma Townsend MacDonald appealed.

The real issue raised by this appeal is whether a devisee of specific unmortgaged property is exempted from contributing to the payment of a debt secured by a mortgage of other specifically devised property. This issue seems to be one of novel impression in this state.

We start out with the premise that all of the assets of an estate are liable for its debts; Section 7, Chapter 169, R. S., 1954; *Hill* v. *Treat,* 67 Me. 501; and that the personal estate is the primary fund for the payment of debts; *Morse* v. *Hayden,* 82 Me. 227.

Exhaustive search discloses very few decisions in other jurisdictions upon the point in issue. Moreover, the opinions in other jurisdictions concerning the question of what assets of an estate shall be used to satisfy the debts of the estate and the order of their application are confusing because many of the opinions are based upon especially applicable statutes.

In this state we have the following statutes which do not lend much light in the determination of the issue before us.

Section 6, Chapter 169, R. S., 1954.

"When property is taken by execution from a devisee or legatee thereof, or is sold by order of court for payment of debts, all the other devisees, legatees and heirs shall pay him their proportion thereof, so as to make the loss fall equally on all, according to the value of the property received by each from the testator, except as provided in the following section."

Section 7, Chapter 169, R. S., 1954.

"If the testator has made a specific bequest, so that by operation of law it is exempted from liability to contribute for payment of debts, or if he has required an application of his estate for that purpose different from the provisions of the preceding section, the estate shall be appropriated according

to the will. No part of the estate can be exempted from liability for payment of debts if required therefor."

The history of these two sections is of interest. Section 6 dates back to the Public Laws of 1821.

The 1840 revision of the statutes added what is now our present Section 7, in the following language:

"If, in such case, the devisor shall, by making a specific devise or bequest, have virtually exempted any devisee or legatee from his liability to contribute with the others, for the payment of the debts; or if he shall, by any provisions in his will, have prescribed or required any appropriation of his estate for the payment of his debts, different from that in the preceding section, the estate shall be appropriated in conformity to the will."

Our present Section 7 of Chapter 169 is found almost verbatim as Section 7, in the 1857 revision. It is rather interesting to note that in the 1840 revision reference is made to "specific devises or bequests," whereas beginning with the 1857 revision no reference is made to "specific devises" but the only reference is to "specific bequests."

An examination of the Public Laws enacted between 1840 and 1857 fails to disclose any legislative amendment. While a "bequest" is, strictly speaking a gift by will of personal property and while "devise" signifies a disposition of real estate by a will, the words are interchangeable and a bequest may apply to real estate and a devise apply to personal property. 69 C. J. § 2082, Page 916; § 2083, Page 918.

It appears that the import of Section 6 and Section 7, Chapter 169, R. S., 1954, is to the effect that specific devises and bequests are not at the outset subject to the payment of debts of the estate, and that resort must be had to other classes of assets first.

It now becomes of importance to consider the order of the application of the several funds liable to the payment of debts. These are given in Jarman's Treatise on Wills, Volume 3, Page 449, and are as follows:

"1.  The general personal estate not expressly or by implication exempted.

"2.  Lands expressly devised to pay debts, whether the inheritance, or a term carved out of it, be so limited.

"3.  Estates which descend to the heir, whether acquired before or after the making of the will.

"4.  Real or personal property devised or bequeathed, either to the heir or a stranger, charged with debts, and disposed of, subject to such charge.

"5.  General pecuniary legacies *pro rata.*

"6.  Specific legacies and real estate devised, whether in terms specific or residuary, are liable to contribute *pro rata.*

"7.  Real and personal property which the testator has power to appoint and which he has appointed by his will."

The first question presented for answer is whether or not John E. Townsend is entitled to have his mortgage exonerated, that is paid out of the general assets of the estate. We answer this question in the affirmative and we find many opinions in other jurisdictions supporting this finding.

"A specific devise of land, mortgaged by testator to secure his own debt, prima facie imports an intention that the debt shall be satisfied out of the general personal assets." *Turner* v. *Laird, et al,* 35 A. 1124 (Conn.) *Blansfield et al* v. *Bang,* 20 Conn. Sup. 269,; 131 A. (2nd) 841.

In *Jacobs* v. *Button et al.,* a Connecticut case reported in 65 A. 150, the testator directed his executor to pay the testator's just debts, and devised certain specified real estate

which was subject to mortgage liens without referring in any manner to such liens. It was held that the devise of the land should be construed as free from the liens, and it was the duty of the executor to satisfy the same out of testator's personal property.

In the case of *Higinbotham et al.* v. *Manchester,* a Connecticut case reported in 154 A. 242, it was held that absent contrary intent expressed in the will, the executor must pay debts secured by mortgage given by testator on land devised.

In *Brown* v. *Baron,* a Massachusetts case reported in 37 N. E. 772, it was held that an executor to whom the testator had devised land may, in the absence of any contrary provision in the will, pay a mortgage thereon out of the funds of the estate.

In the District of Columbia case of *Sheehy* v. *O'Donoghue,* 94 F. (2nd) 252, it was held that the common law rule of exoneration is in effect in that jurisdiction.

In the case of *Gould* v. *Winthrop,* 5 R. I. 319, it was held that the devisee of an estate mortgaged by the testator, whether before or after the making of the will, is entitled to have the land devised to him exonerated from the mortgage debt, out of the personal property of the testator not specifically given, as the primary fund for the payment of debts; unless there be a clear intention indicated by the will, that the devisee should take *cum onere.*

In the Maryland case of *Stieff* v. *Millikin,* 159 A. 599, it was held that in the absence of contrary intention, where testator devises mortgaged realty and mortgage debt is not a charge primarily affecting realty, that personalty is the primary fund for paying the debt as between devisee and residuary legatee.

". . . in the absence of controlling statutory provisions or the expression of any contrary intention

on the part of the testator, a devisee is, at least as between himself and the residuary legatee, entitled to have such (mortgage) liens paid from the residuary estate in exoneration of the land devised." 57 Am. Jur. § 1474, Page 993.

"The general principle seems well established that in case of the devise of an estate charged with a mortgage by the (devisor), that the devisee has a right as against the personal or real estate not specifically devised, to have the mortgage discharged, and that the assets of the estate will be so marshalled as to accomplish this result." *Drummond* v. *Drummond*, 40 Me. 35, at 41.

In *Norris* v. *Pellinger, et al.*, 133 N. J. Eq. 209; 31 A. (2nd) 398, it was held that at common law an heir and devisee was entitled to exoneration of realty inherited or devised from mortgage, by payment of mortgage out of personal estate.

The Virginia case of *Frasier et al.* v. *Littleton's Ex'rs*, 40 S. E. 108, is cited by counsel for the defendant, Emma Townsend MacDonald, as authority to the effect that the mortgage should not be exonerated. A careful study of this opinion, however, indicates that the decision was based on the interpretation of the intent of the testator. By inference, at least, this opinion supports the common law rule that in the absence of any contrary intention, or a charge upon the real estate, that a mortgage debt is entitled to exoneration as well as contribution. The court cites with approval a decision to the effect that where there was a mortgage on one of the manors devised, but testator had charged all of his lands with the payment of his debts, that contribution should be decreed against the devisee of the other manor. In the *Frazier* v. *Littleton* case, the facts appear to be that at the time of the execution of the will, the testator provided for the payment of his indebtedness out of the personal assets, which at that time, were ample for the purpose. However, before the testator died he mort-

gaged some of his land and when he died, his personal property had been exhausted. The court said:

"A testator has a right to dispose of his property as he pleases. His will is ambulatory until his death, and speaks as of that time; and hence, if a testator puts a lien upon a part of his land, but by his will, the ultimate expression of his wishes, elects to charge the whole of his real estate with the payment of his debts, all, rather than the incumbered part, must bear the burden; otherwise his will would be thwarted. The case is different, however, where the will does not charge the real estate with the payment of debts, for in such case an incumbrance of a portion of the real estate previously devised is a declaration by the testator that the devisee is to take it cum onere."

Throughout all of the decisions which we have studied with care, the intention of the testator always appears to be paramount.

"A testator may order his debts and the expenses of administration to be paid out of his personal, or out of his real estate, or out of both, or out of any particular piece or parcel. When he makes no distinct provision as to the specific kind of property, the general rule is understood to be that the debts shall be paid out of the personal property. But this rule is subject to the other well-established rule, that the will of the testator must govern, and that this will, or intention, may be gathered from the provisions of the whole testament, and may be inferred from the nature of the legacies, or devises, and the manifest object and purpose of the testator, and from all the circumstances of the case." *Quinby* v. *Frost*, 61 Me. 77, at 81.

"It is hardly necessary to say that the controlling rule in the construction of wills, to which all others must yield, is that the intention of the testator is to be ascertained if possible and that such intention when so ascertained will prevail, provided

it is consistent with legal rules." *Holcomb* v. *Palmer,* 106 Me. 17, at 20; 75 A. 324.

"The cardinal rule for the interpretation of wills is that they shall be construed so as to give effect to the intention of the testator. It is the intention, however, gathered from the language used in the testament which governs. And it is the intention of the maker of the will at the time of its execution. Although a will speaks only from the maker's death, the language used in the testament must be construed as of the date of its execution and in the light of the then surrounding circumstances. Another and accurate statement of this rule is that a will is not operative until the death of the maker and then speaks his or her intention at the time of its execution." *Gorham* v. *Chadwick et al.,* 135 Me. 479, at 482; 200 A. 500.

We are satisfied that it was the intention of the testator in this case that all of his property should be subject to all of his debts, and that it was also his intention that the mortgage on the property now devised in trust for the benefit of John E. Townsend should be exonerated.

We pass now to consideration of the question of contribution.

"Where several distinct properties, subject to a common charge, are disposed of among several persons, recourse is had, by an obvious rule of justice, to the principle of contribution. Thus, if the testator, after subjecting his real estate to the payment of his debts or legacies, devise Blackacre to A and Whiteacre to B, and these estates in the administration of the assets become applicable, the charge will be thrown upon the devisees in proportion to the value of their respective portions of the property." Jarman's Treatise on Wills, Volume III, Page 458.

"And the rule is the same where the property charged is partly real and partly personal. Thus, if a testator, after commencing his will with a gen-

eral direction that his debts shall be paid, proceeds to dispose specifically of his real and personal estate among different persons; as the charge would, we have seen, affect the whole property so given, real as well as personal, the devisees and legatees will bear their respective shares of the burden pro rata." Jarman's Treatise on Wills, Volume III, Page 460.

"A beneficiary under the will who has borne the burden of a debt of the testator is entitled to contribution from other beneficiaries in the same class with himself and equally responsible for such debt, and accordingly a ratable contribution may, in a proper case, be enforced among specific legatees or devisees, . . ." 97 C. J. S. § 1326, Page 243.

". . . where property has been applied to the satisfaction of the claims of creditors, and the testator left other property of the same class with respect to its status in the order of liability of assets for the payment of debts, the legatee or devisee of the property so applied is entitled to contribution from the donees of such other property to the extent necessary to equalize the shares of their gifts needed in the payment of indebtedness, . ." 57 Am. Jur. § 1480, Page 998.

"The rule is well settled that if a legacy is specific, and is appropriated to the payment of debts, the legatee, (if the general or residuary legacies are not sufficient) is entitled to contribution from the holders of other specific legacies." *Tomlinson* v. *Bury,* 14 N. E. 137, at 140 (Mass.)

In the case of *Ganoe* v. *Swisher, et al.,* 294 N. W. 235 (Iowa), it was held that where testator, after making devises of specific parcels of property to each of children, later incumbered one parcel, and there was no personalty, no residuary devises, and no intention expressed in the will with reference thereto, child whose property was incumbered was entitled to have other children contribute toward payment of incumbrance.

In *Morse* v. *Hayden,* 82 Me. 227; 19 A. 443, a testator had devised real estate to his two daughters and two sons to be equally divided among them and one of the sons died in the lifetime of the testator. It was held that in the absence of any controlling provisions of the will, the share of the son who deceased is lapsed and became intestate property. The court went on to hold that where no specific provision is made for the payment of his debts by a testator, personal estate is the primary fund for their payment; if that is not sufficient, then the lapsed devise may be applied thereto; and if debts still remain, then specific devisees must contribute *pro rata.*

We, therefore, rule that the presiding justice was correct in finding that the trust estate of John E. Townsend was entitled to contribution.

The entry will be

> *Appeal Dismissed.*
> *Decree Below Affirmed.*
> *Case remanded to Court below for such further proceedings as may be considered essential. The costs and expenses of all parties in the Law Court, including reasonable counsel fees, in addition to those previously allowed, to be fixed by the sitting justice after hearing, and paid by the executors.*