SHERMAN P. SMITH AND WIFE *vs.* FREDERICK S. WILDMAN AND
ANOTHER, TRUSTEES.

Where estate is given to trustees to be disposed of by them at their discretion
for the support of a cestui que trust, a court of equity will not interfere to con-
trol that discretion unless there has been abuse of the trust.

Where estate was left to trustees to apply so much as in their opinion might be
necessary for the support of the family of J, and for the support of S, who had
also a remainder interest in the estate after the death of J, and S brought a
bill in equity to compel the trustees to apply a smaller sum to the support of
the family of J, alleging that the sum so appropriated was too large and that
there was great danger that the estate would be exhausted, and that the trus-
tees had refused to allow the petitioner a reasonable sum that had been de-
manded,—it was held that there was not such an abuse of the trust as would
justify a court of equity in interfering to control the discretion of the trustees.

Where a trust of this character is reposed in two persons their action should be
joint in appropriating the trust fund for the purposes specified in the trust.

Where one of two such trustees refuses to execute the trust according to its true
intent, or abuses it, the fact that he alone is responsible for the non-execution
or abuse, furnishes no reason why a court of equity should not interfere for
the relief of the cestui que trust.

The trustees were to apply the funds for the support in their discretion of "the
family of J." Held to mean J and his wife, and such children as lived with
him as part of his household and were legally dependent upon him for support,
and that it did not include grown up children who were married and were not
living with him.

BILL IN EQUITY, brought to the Superior Court in Fairfield
county, and heard before *Granger, J.* The facts were found
by a committee and a decree passed for the petitioners. The
respondents brought the record before this court by a motion
in error. The principles of law decided will be sufficiently
understood without a statement of the facts.

*Todd* and *Taylor*, for the plaintiffs in error.

*White*, for the defendants in error.

BUTLER, C. J. The bill in this case was brought by a ces-
tui-que-trust, to compel the performance of a trust. The
trustees are made parties and also certain residuary devisees.
Objection is made by those residuary devisees, of a technical

character, to the bill. They allege that the bill does not present a case on which the court could act, and for that reason it should have been dismissed, and that therefore there is error in the record. The trustees do not concur in those objections, but desire the opinion of this court upon the merits of the case, as presented by the findings of the committee and the court. The questions presented by the trustees pertain to the execution of the trust, and the trustees and cestui-que-trusts are alone interested in them, and those will be considered.

By the will of Henry Taylor, Messrs. Wildman and Taylor were made trustees of all his residuary estate, to be expended, principal as well as interest, if required, for his only son James Taylor and his family, and the representative of his only daughter, who was deceased—Susan Betts, now Susan Smith, the petitioner. The will provides that his entire residuary estate shall vest in Wildman and Taylor, and the survivor, and the executor or administrator of the survivor, upon the special trust and confidence that they should apply so much thereof as in their opinion should be necessary for the support of the family of his son James and his granddaughter Susan Betts, power being given them to sell or use the principal if necessary.

1. The trustees object to the action of the court below, on the ground, first, that the court exceeded its jurisdiction, inasmuch as the property was not devised to these cestui-que-trusts as property which vested in them, and to which they had a vested right, but was entrusted and confided to the trustees during the life of James Taylor, for the support of him and his family and Susan Betts, and was then to vest in all his grand-children; that the trust was therefore one of pure discretion, over which the court of equity could exercise no control, unless the trust was abused.

We are of opinion that the trustees are right in this claim. It was said by Judge Waite, in giving the opinion of the court in *Leavitt* v. *Beirne*, 21 Conn., 8:—" We think it in the power of a parent to place property in the hands of trustees for the benefit of a son and his wife and children, with

full power in them to manage and apply it at their discretion, without any power whatever in the son to interfere in that management, or in the disposition of it until it has been actually paid over to him by the trustees. In such case a court of chancery will never interfere with the exercise of that discretion, until it is shown that there has been some abuse of the authority given to the trustees." That case was decided by a divided court, but we do not understand that there was any division of opinion upon that point. We consider it settled law in this state that when estate is given to trustees, to be disposed of by them at their discretion for the support of a cestui-que-trust, a court of equity will not interfere to control that discretion unless there has been abuse of the trust. Had there been any such abuse at the time, this petition was brought, as would then authorize the interference of a court of equity? We think there had not. The bill does not allege that the petitioner was then necessitous, nor any abuse of the trust, except that too large a proportion of the trust estate was being applied for the support of James Taylor and his family, to the injury of the vested interests of the petitioner. Nor does the finding show that at that time she actually required the sum which she demanded. We cannot say, under these circumstances, that the refusal to grant her request was such an abuse of the trust as would justify a court of equity in attempting to control the discretion of the trustees. It sufficiently appears from the *finding* that the petitioner *subsequently* required support, and it does not appear that any subsequent application was made to the trustees and was refused. We do not think therefore that the application was justified by any abuse of the discretion given to the trustees when brought. The petitioner was the representative of one of two children of the testator and apparently brought her bill because she felt aggrieved that so much of the estate was being furnished to the son and none to her, and the trustees may have erred in not duly considering her rights under the will, as well as those of James Taylor. But we do not see in it an actual abuse of their discretion. If they have since failed in their duty to her, through

want of appreciation of her rights under the will, upon a proper bill with proper allegations she may be entitled to relief.

2. It is undoubtedly true that where a trust of this character is reposed in two persons, their action should be joint in appropriating the trust fund for the purposes specified. But if one refuses to execute the trust according to its true intent and meaning, or abuses it, the fact that he alone is responsible for the non-execution or abuse, furnishes no reason why a court of equity should not interfere and give the cestui-que-trust the relief to which she is entitled.

3. We are further of opinion that the trustees are right in their construction of the words "family of James Taylor," and that the testator meant the wife and such of the children of James as lived with him as part of his household and were legally dependent upon him for support. In this case, upon the finding of facts, the household consisted of James, his wife, and his infant son Lemuel. The other descendants of James Taylor have no direct interest in the trust, and cannot be considered by the trustees as beneficiaries of it.

For these reasons we think there is error in the record, and that the judgment must be reversed, and the Superior Court advised to dismiss the bill, but without cost to either party.

In this opinion the other judges concurred.