EDWARD DEXTER, ADMINISTRATOR, *vs.* ELIZA K. EVANS
AND OTHERS.

Hartford Dist., March T., 1893. ANDREWS, C. J., CARPENTER, TOR-
RANCE, FENN and BALDWIN, Js.

A testator having provided for the support of his widow, gave her four
separate legacies of $500 each, in each case " for her to help " a certain
relative named " as she sees fit." The will then proceeded as follows:
"At the decease of my wife the remainder of the above legacies to go to
*W*, who will do by his mother and uncle as he may see fit, and also to
see that *R* and *J* are comfortably provided for during their life-time,
unless my wife sees fit to make a will and dispose of the remainder of
these legacies differently, then they go as she wills." The four bene-
ficiaries under this clause were the same ones for whose benefit the leg-
acies of $500 had been given to the widow. One of them had died since
the death of the testator. There then followed several other legacies,
closing with the following:—" I give to my wife $500 for her to use as
she may see fit in caring for *C*." Held—

1. That the widow took the five legacies as a trustee, and each upon a sepa-
rate trust.

2. That in the case of the legacy to a beneficiary who had died, the amount.
remaining unexpended at her death should be invested and the accu-
mulations added to the principal during the life-time of the trustee.

3. That the widow had full discretion whether to expend the other legacies
in advance in helping the respective beneficiaries or to expend them in
part and invest the balance, expending therefrom in a similar man-
ner from time to time as she should see fit.

4 That before entering on either of the trusts she should give a probate
bond.

5. That should she decline either trust the probate court could designate
a successor to hold during her life, whose duty it would be to apply
the money for the help of the beneficiaries as the widow should from
time to time direct.

6. That the widow had power by her will to appoint a trustee of the residue
of all or any of the four legacies first given and to prescribe any reason-
able mode of applying the same for helping the beneficiaries.

7. That if she should fail to execute this power *W* would upon her death
take the unexpended balance of the four legacies as one common fund, in
trust to apply the same for the benefit of the persons named at his dis-
cretion.

8. That the words " who will do by his mother and uncle as he may see
fit," while precatory in form were mandatory in effect.

9. That the provision that the unexpended balance of the four legacies
should go to *W* in trust after the widow's death, unless she should
" see fit to make a will and dispose of it differently," was to be limited

Dexter *v.* Evans.

in its effect to the manner of accomplishing the purposes of the trust, and could not defeat the trust.

10. That in the case of the last bequest, to be used "in caring for *C*," if *C* should survive the widow and any balance of the bequest then remain unexpended, a new trustee should be appointed to expend it in caring for *C* according to her need.

11. That if there should be any failure on the part of the trustee to exercise an honest discretion in favor of the several beneficiaries, they could obtain relief either from the probate court or in an equitable suit.

12. But that in determining the necessity of any beneficiary, the discretion of the widow, or of *W* if she failed to appoint her successor, if exercised honestly, would control.

13. That any balance of the five legacies, not finally expended, would go into the residuary estate of the testator.

[Argued March 7th—decided April 7th, 1893.]

SUIT for the construction of a will ; brought to the Superior Court in Windham County. Facts found and case reserved for advice. The case is fully stated in the opinion.

*E. M. Warner*, for the defendants Archibald, Rachel and Walter P. White.

*M. A. Shumway*, for the defendant Eliza K. Evans.

BALDWIN, J. The testator, in the will which is the subject of this action, after a bequest to his wife "for her support in lieu of dower," proceeds as follows :

" I give to my beloved wife, Eliza K. Evans, five hundred dollars, for her to help her sister Catherine White, as she sees fit. I also give to my beloved wife five hundred dollars for her to help her sister Rachel Kennedy, as she sees fit. I also give Eliza K. Evans, my beloved wife, five hundred dollars, for her to help her sister Julia Eddy, as she may see fit. I also give Eliza K. Evans, my beloved wife, five hundred dollars, for her to help her brother Archibald Kennedy, as she may see fit. At the decease of my beloved wife the remainder and residue of the above legacies to go to Walter P. White, who will do by his mother and uncle as he may see fit, and also to see that Rachel Kennedy and Julia Eddy are comfortably provided for during their

life-time, unless Eliza K. Evans, my wife, sees fit to make a will and dispose of the remainder and residue of these legacies differently, then they go as she wills."

Catherine White has died since the testator's decease; Rachel, Julia and Archibald Kennedy are in advanced years, and straitened circumstances.

The will contains some charitable gifts and provisions in favor of several of the nearest relatives of the testator, two of whom are also made residuary legatees, subject to a life estate in his widow, who is appointed executrix. The last bequest, following the residuary clause, reads thus:

" I give, devise and bequeath to my beloved wife, Eliza K. Evans, five hundred dollars, for her to use as she may see fit in caring for Clara M. Evans, now Mrs. Campbell."

The case is reserved for our advice as to the construction and effect of the clauses above quoted.

In each of them, while the widow is the legatee, the expressed purpose is that, through her, another person may be benefited. Her own support was otherwise provided for.

The last of the legacies is given to the widow " for her to use, as she may see fit, in caring for " Clara M. Campbell. It can therefore be used for no other purpose. The time and manner of such expenditures are left to the honest discretion of the widow, but she is a trustee for the use specified, and takes the money, in the language of Lord ELDON in *King* v. *Denison*, 1 Vesey & Beames, 263, 272, not subject to a particular purpose, but for a particular purpose. *Loring* v. *Loring*, 100 Mass., 340, 342. Such a construction has been given by this court to expressions quite similar, in *Strong* v. *Strong*, 8 Conn., 408, 413, and *Bristol* v. *Austin*, 40 Conn., 438, 442.

The language of the other legacies, which provide for assistance to certain relatives of the widow, is less decisive of the testator's intention, but we are of opinion that by these also he designed to create a trust estate of the same nature, and has used words sufficient for his purpose. Each legacy is given to the widow "for her to help " the person designated, as (not if) she may see fit. That he contemplated her giving

Dexter v. Evans.

such help to some extent is evident from the bequest of "the remainder and residue" of the legacies upon her decease. Upon that event, in the absence of any contrary directions in her will, Walter P. White will take any residue which may be unexpended, whether of one or all of these legacies, as a common fund, in trust to apply it (his mother, Catherine White, having died) for the benefit of his uncle, Archibald Kennedy, and in providing for the comfort of his aunts, Rachel and Julia Kennedy, in such manner and proportions as, in the exercise of an honest discretion, he may from time to time see fit.

The words "who will do by his mother and uncle as he may see fit," while precatory in form, we regard as mandatory in effect. That the testator used them with this intention is apparent from the next clause, which provides that he is "also to see that Rachel Kennedy and Julia Kennedy are comfortably provided for during their life-time." He was to aid his mother and uncle, and "also" his aunts.

The succeeding clause, which qualifies the legacy to Walter P. White by adding "unless Eliza K. Evans, my wife, sees fit to make a will and dispose of the remainder and residue of these legacies differently, then they go as she wills," we think must be limited in effect to the manner of accomplishing the purposes of the trust, and cannot defeat the existence of the trust. The testator had set apart $2,000 as a means of helping four of his wife's relatives, and foreseeing that she might not think it judicious to expend the whole during her life-time, selected her nephew as a proper person to succeed her in the trust. He might, however, reasonably contemplate and provide for her possible preference for some other successor, or her desire that the distribution of the unexpended balance should be continued according to the rule of her own discretion rather than that of any new trustee. The clause under consideration would give her such a power, and should, we think, receive no broader construction.

Should the legacy for the benefit of Mrs. Campbell not be expended during the life-time of Mrs. Evans, a new trustee should be appointed to apply the balance remaining, from

time to time, in caring for Mrs. Campbell, according to her needs. *Birch* v. *Wade*, 3 Vesey & Beames, 198, 200.

.  It is to be presumed that these trusts will be wisely and fairly administered, but should there be any failure .to exercise an honest discretion in favor of the respective beneficiaries, they could obtain proper relief either from the court of probate or in an equitable action. *In re Simons's Will*, 55 Conn., 239, 243; *Smith* v. *Wildman*, 37 Conn., 384; 1 Jarman on Wills, 696.

"If it appear to be the intention of the parties from the whole instrument creating it that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties upon the party receiving the title, if it be capable of lawful enforcement. * * * In the case of *Costabadie* v. *Costabadie*, 6 Hare, 410, 414, Vice Chancellor SIR JAMES WIGRAM said : 'If the gift be subject to the discretion of another person, so long as that person exercises a sound and honest discretion I am not aware of any principle or any authority upon which the court should deprive the party of that discretionary power. Where a proper and honest discretion is exercised, the legatee takes all that the testator gave or intended he should have—that is, so much as in the honest and reasonable exercise of that discretion he is entitled to. That is the measure of the legacy.' But it is always for the court eventually to say, when called upon, whether the discretion has been either exercised at all, or exercised honestly and in good faith." *Colton* v. *Colton*, 127 U. S. R., 300, 310, 321.

Should Mrs. Evans decline to accept any of the trusts, or neglect to give a proper probate bond, another trustee should be appointed by the court of probate, who would .apply the funds, during Mrs. Evans's life-time, to helping the respective beneficiaries according to her discretion from time to time.                         .              ..

The Superior Court is advised that Mrs. Evans takes each of the five legacies in question upon a separate and valid trust; that the first, or so much of it as she did not expend

Dexter *v.* Evans.

in helping Mrs. White during her life-time, should be invested and the accumulations added to the principal during the life-time of the trustee; that Mrs. Evans has full discretion whether to expend the other legacies at once in helping the respective beneficiaries, or to expend them in part, and invest the balance, expending therefrom, in a similar manner, from time to time, as she sees fit; that before entering on either of said trusts she must give a probate bond; that should she decline either trust, the court of probate can designate a successor to hold during her life, who will extend such help to the beneficiary as Mrs. Evans may from time to time direct; that by her will she has power to appoint a trustee of the residue of all or any of the four legacies first given, and to prescribe any reasonable mode of applying the same in helping the beneficiary or beneficiaries entitled under the same; that in default of the execution of this power, Walter P. White will take, upon her death, the unexpended balance of said four legacies, as one common fund, in trust to apply the same for the benefit of his uncle and in providing for the comfort of his aunts, who are named in connection therewith, at his discretion; that should Mrs. Campbell survive Mrs. Evans, and any balance of the last bequest of $500 then remain unexpended, a new trustee should be appointed to expend it in caring for Mrs. Campbell according to her needs; that any beneficiary would have a right to relief either by an equitable action or in the probate court, in case of a failure on the part of the trustee to extend any necessary assistance to him, but that in determining such necessity the discretion of Mrs. Evans, or in case of his acting as trustee in default of another appointment by her, of Walter P. White, would control, provided it were exercised honestly and in good faith; and that any balance of any of these five legacies, not expended as hereinbefore mentioned, is part of the residuary estate of the testator.

In this opinion the other judges concurred.