JOHN BRANSFIELD, TRUSTEE, *vs.* MICHAEL WIGMORE ET ALS.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Having made provision for the payment of a small pecuniary legacy, a testator gave the residue of his property in trust for his son, his only child, directing the trustee to pay over the income to him, and in case he should marry or become capable of taking care of his property, to turn over to him the principal, which in that event the testator gave to him in fee. *Held* that the son was not only entitled to receive the income during his lifetime, but took also a transmissible or devisable title to the entire estate.

Argued May 7th—decided June 5th, 1907.

SUIT to determine the construction of the will of Thomas Wigmore of Portland, deceased, brought to and reserved by the Superior Court in Middlesex County, *Curtis, J.*, upon an agreed finding of facts, for the advice of this court. *Judgment advised in favor of the estate of William Wigmore.*

*Clarence E. Bacon*, for the plaintiff.

*Gustaf B. Carlson*, for the estate of William Wigmore.

*William J. Coughlin, Jr.*, for Ellen and Margaret O'Brien.

*Daniel J. Donahoe*, for Michael Wigmore *et als.*

HALL, J. Thomas Wigmore, late of Portland in this State, died testate October 28th, 1900, leaving an estate consisting wholly of personal property of the value, after the payment of debts, of about $11,000. His will, executed September 24th, 1900, after providing for the payment of his debts, for a legacy of $100 to a person whose relation to the testator does not appear, and for the appointment as executor of the person named elsewhere in the will as trustee, contains only this remaining provision:—

" Third. I give, devise, and bequeath unto Patrick Sullivan of said Portland, all the rest, residue and remainder of my estate, of every name and nature, in trust, for my son, William Wigmore of said Portland, the income therefrom to be paid over to my said son by said trustee. If at any time during the continuance of said trust, my said son should be competent and capable of taking care of his property (or in the event of my son's marriage) in the judgment of my said trustee, then I instruct that this trust shall terminate, and my said trustee is to turn over to my said son the balance of said trust estate, and in that event, I give, devise, and bequeath all the unexpended balance of said trust estate to my son William and his heirs forever."

William Wigmore was the testator's sole heir at law. He never married, nor was the trust estate ever turned over to him under said provision of the will. He died in 1906, leaving a will, the executor of which is a party to this action. Other parties are the children of deceased brothers of said testator, Thomas Wigmore; his sister; the maternal aunts of William Wigmore; and the administrator *c. t. a.* of the estate of said Thomas Wigmore. The plaintiff is the successor of the trustee named in the will.

The questions upon which our advice is asked are, in substance, whether by said provision of his father's will,

William took only a life estate in said personal property, the remainder being intestate estate of Thomas Wigmore, or whether in addition to the right to receive the income of the estate during his life William also took a transmissible or devisable title to the entire estate.

Presumably the natural desire of Thomas Wigmore was that his only child should inherit his property. The will itself suggests a reason why, in order to secure to his son the income from the property, the testator deemed it necessary to limit, to some extent, his son's control over it; namely, that he might not be "competent and capable of taking care of *his property*." Apparently the testator's only reason for making a will, apart from his desire to make the bequest of $100, was to guard against such loss to his son, of the income from the estate, as he feared might result from the latter's inability to properly care for the property. To accomplish this purpose the testator does not, even in case William neither marries nor is found competent to have the care of the property, expressly limit William's interest in this personal property, as he might have done, to a life estate, or to the mere right to receive the income from the property, nor does the language of the bequest to the trustee indicate that William's rights and interest in the property were intended to be so limited. On the contrary, the entire residue of the estate is given in trust to William. The language of the will is, "I give, devise, and bequeath [to the trustee named] all the rest, residue and remainder of my estate [after the payment of debts and the $100 legacy], of every name and nature, in trust, for my son." Later in the will the property so given in trust is referred to as "his [William's] property."

It is to be presumed that in making his will the testator intended to leave no part of his estate intestate. He has made no gift over of any remainder after the death of William. The language of the will is broad enough to describe a gift to the trustee of the entire legal title to the residue of the estate, remaining after the payment of debts and the legacy named, and to William of the entire beneficial inter-

est in such residue subject only to the restrictions and conditions imposed by the trust.

We are of opinion that the testator intended to make such a complete disposition of all of his estate by his will, and that William had the power to dispose of the estate in question by will.

We therefore advise the Superior Court that the personal property in the hands of the plaintiff is not intestate estate of Thomas Wigmore; that William Wigmore took a devisable interest in said estate, under the will of his father, and that the plaintiff should pay over or deliver said estate in his hands as trustee to the executor of the will of William Wigmore, less such expenses and fees as may be allowed by said court.

No costs will be taxed in this court.

In this opinion the other judges concurred.