# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE

---

### George W. Holcomb

*vs.*

### Clinton C. Palmer et als., Executors, Trustees.

### Cumberland.   Opinion September 8, 1909.

*Wills.   Construction.   Trusts.   Exemption from Trustee Process, When.*

The controlling rule in the construction of wills, to which all others must yield, is that the intention of the testator is to be ascertained, if possible, and that such intention when so ascertained will prevail, provided it is consistent with legal rules.

If a legatee under a will has the absolute title to personal property bequeathed by the will, it can be reached by trustee process; but if he has simply a beneficial interest in such property it cannot be reached by trustee process.

The residuary clause of the will of a testatrix was as follows: "I give, bequeath and devise all the rest and remainder of my estate to such of my children who may outlive me share and share alike, but I will that the portion which would fall to my son Clinton shall be held in trust for him by my son Francis to be used for his comfort and necessities according to the discretion of said son." Certain personal property passed under this clause of the will. The testatrix left five children, four sons and one daughter.

*Held:* 1.  That the shares of four of the children passed to them absolutely or in fee simple, but that Clinton received his share in equitable fee simple or a fee simple in trust, the legal estate passing to the trustee Francis, the beneficial interest to the cestui que trust Clinton, and the trust terminating at the death of Clinton, when any portion of the trust estate left would pass by his will if he die testate or descend to his heirs if he die intestate.

2.  That the legal title to Clinton's share being in Francis as trustee and Clinton holding only the beneficial interest therein, the executors of the will could not be held on trustee process for Clinton's debts.

VOL. CVI 2

On exceptions by trustees. Sustained.

Trustee process in an action of assumpsit against the principal defendant, who was one of the residuary legatees under the will of his mother, and the three executors of said will alleged trustees of the principal defendant.

The principal defendant did not appear, but the alleged trustees appeared and filed their disclosure and after hearing thereon were charged for certain personal property in their hands as executors aforesaid, as belonging to the principal defendant. To the ruling charging them as aforesaid the alleged trustees excepted.

The case is stated in the opinion.

*Geo. F. & Leroy Haley,* for plaintiff.

*James O. Bradbury,* for trustees.

SITTING : WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

CORNISH, J. The contention in this case arises over a trustee disclosure and depends upon the construction of the residuary clause in the will of Elizabeth Chase Palmer who died testate on September 30, 1907.

No defense is made by the principal defendant, Clinton C. Palmer, to the suit, which is an action of assumpsit on two promissory notes given by him, and at the hearing before the presiding Justice, the alleged trustees, who are the executors of said will, were charged for certain personal property in their hands as belonging to said Clinton C. Palmer, one of the residuary legatees thereunder. The case is before this court on the trustees' exceptions to this ruling and the decision must rest upon the determination whether under said will said Clinton C. Palmer has the absolute title to said property so that it can be reached by trustee process, or whether he has simply a beneficial interest that cannot be so reached. If the former is the true construction the ruling was correct, if the latter, the exceptions should be sustained.

This brings us to the consideration and interpretation of the will, which is somewhat lengthy and was drawn with apparent care. It disposed of an estate valued at more than $40,000 with unusual

detail.   The testatrix left five children, four sons and one daughter, and she made many specific bequests to them, of furniture, articles of personal property and heirlooms, beside certain pecuniary bequests to Francis, Chase and Lillian, as an equivalent in the words of the will to various sums of money received from her in her lifetime by her other sons Bartlett and Clinton, her evident intention being to make an equal division among all her children.

Then follows the residuary clause which is under consideration here :

"I give, bequeath and devise all the rest and remainder of my estate to such of my children who may outlive me share and share alike, but I will that the portion which would fall to my son Clinton shall be held in trust for him by my son Francis to be used for his comfort and necessities according to the discretion of said son." The position of the plaintiff is that the first part of this clause gave an absolute estate in fee to the five children, all of whom survived the mother, and that the last clause attempting to put the share of Clinton in the hands of Francis in trust, was an attempt to cut down this absolute fee and therefore was repugnant and void.   In other words, the plaintiff invokes the rule, well established in this State and elsewhere that where by the terms of a devise or bequest an estate in fee simple of real estate or an absolute gift of personal property is made, a devise or gift over is void, as held in *Joslin* v. *Rhoades*, 150 Mass. 301 ; *Jones* v. *Bacon*, 68 Maine, 34 ; *Mitchell* v. *Morse*, 77 Maine, 423 ; and in the very recent case of *Bradley* v. *Warren*, 104 Maine, 423, where the rule and its reasons are carefully considered.   "The title to property once given away cannot be regained by the hand that gave it."    *Taylor* v. *Brown*, 88 Maine, 56.   Notwithstanding this rule sometimes appears to operate harshly in defeating the probable intention of the testator, which is presumed to be the goal of judicial construction, its observance has been deemed safer "than one which for want of strictness would be attended in its application with all sorts and shades of doubt and uncertainty."

Its application, however, inasmuch as it may override the intention of the testator, is not to be forced, and in the case at bar

it is not required. It is hardly necessary to say that the controlling rule in the construction of wills, to which all others must yield, is that the intention of the testator is to be ascertained if possible and that such intention when so ascertained will prevail, provided it is consistent with legal rules. Here the intention of the testatrix is perfectly plain, is expressed in apt language and violates no rule of legal interpretation. After making numerous specific bequests she gathers together all her remaining property and gives it equally to her five children share and share alike, but at the same time and in the same sentence that she gives four their share outright, she gives the fifth his share in trust, making his brother the trustee. There is no attempt on her part to make any gift or devise over, but the whole estate passes out of her, absolutely as to the four-fifths, in trust as to the one-fifth. In every instance it passes from the mother completely, and vests in the devisees or legatees completely. Her heirs can have no more interest in the one than in the other. She did not die intestate as to the one-fifth any more than as to the four-fifths. The cases cited as applying the rule are clearly distinguishable from the case at bar. In *Jones* v. *Bacon*, 68 Maine, 34, the language of the will was "As to the residue of my estate after payment of my just debts I give and bequeath the same to my beloved wife . . . . and lastly I further direct if there be any of my estate left after the decease of my said wife, then the said property left be equally divided between G & T." In *Mitchell* v. *Morse*, 77 Maine, 423, the words were : "I give and devise to my wife all the rest and residue of my real estate. But, on her decease the remainder thereof I give and devise to my said children, or their heirs respectively, to be divided in equal shares between them." In *Taylor* v. *Brown*, 88 Maine, 56, the testator gave to his widow all his real and personal estate and in the same clause added "And at her decease what remains I wish to be equally divided between . . . . children of my wife's sister." In *Bradley* v. *Warren*, 104 Maine, 423, the residue was disposed of as follows : "One moiety thereof to my daughter Alice Buck, . . . . and if at her decease this will shall have taken

effect, and she shall have entered into possession of said estate so much thereof as may remain at her decease shall so descend and be distributed to and among my heirs at law."

In all of these and similar cases the hand that gave attempted to take away what had once been given and the law will not permit it. That is not the situation here. There is no attempt to retake or to divert the property into other channels. This residuary clause expresses in a concise form what could be more fully stated as follows: "I give, bequeath and devise all the rest and remainder of my estate, share and share alike, to such of my children as may survive me, one fifth to Chase, one fifth to Bartlett, one fifth to Lillian, one fifth to Francis, and one fifth to Francis in trust for Clinton, to be used for his comfort and necessities according to the discretion of said son Francis." No one could doubt the meaning of this bequest and yet it is simply another form of expressing the same intention, and perhaps not a plainer one. ⁃ The fair and true construction of this residuary clause therefore is that four of the children received their shares absolutely or in fee simple and Clinton received his share in equitable fee simple or a fee simple in trust, the legal estate passing to the trustee Francis, the beneficial interest to the cestui que trust Clinton, and the trust terminating at the farthest at the death of Clinton, when any portion of the trust estate left would pass by his will if he die testate or descend to his heirs if he die intestate. This was the evident purpose of the testatrix. Her intention to dispose of her whole estate is manifest. With a mother's fairness she wished Clinton to receive the same share as the others but with a mother's prudence she wished it to be properly used and she therefore placed it in trust not that the income merely be used for his comfort but any portion or all of the principal according to the discretion of the trustee.

But the plaintiff contends that because the sentence, if it stopped with the words "share and share alike," would convey a title free from trust, therefore the last three lines creating and defining the trust must be rejected as repugnant and void. Such a strained construction cannot be adopted, for if adopted it would thwart rather than effect the intention of the testatrix. The whole sentence must

be read together, the later part can no more be rejected than the earlier. Neither alone expresses the intention of the testatrix. Both together do express it and are harmonious. In *Buck* v. *Paine*, 75 Maine, 582, the will was construed to convey an equitable fee simple conditional, and the point was there raised that the condition subsequent was repugnant to the prior gift of an equitable fee. The court answered this point as follows: "In one sense it may be regarded as repugnant. Not in a legal sense, however. It is not an illegal repugnancy. The objection of repugnancy in its proper sense does not apply. It is repugnant in the sense that a condition in a mortgage is repugnant to the prior granting of a fee. It is different from what is understood as repugnancy; it is more than that; it cuts deeper, it controls and overrules."

The distinction between this case and that of an absolute devise with an attempted gift over, and the construction placed upon this clause as conveying an equitable fee simple, are in line with the decided cases. In *Fay* v. *Phipps*, 10 Met. 341, the bequest was in these terms: "I give and bequeath to T in trust forty shares in B. H. bank and I hereby appoint my executors, trustees of this bequest. Held, that the trust terminated on the death of T. and that his administrator was entitled to the trust property which remained in the hands of the trustees at his death. Chief Justice Shaw in the course of the opinion said: "In terms the property is given to the grandson to be held in trust. . . . The testator does not restrict the benefit intended for his grandson to the income, but the whole was to him, though to be held in trust. . . . It appears to the court that the equitable title to the legacy vested in the grandson; that the trust was not intended to be perpetual and would not extend beyond the life of the cestui que trust, and that at his decease, in the absence of any gift over, or other disposition, it goes to the personal representatives of such equitable legatee."

In *Chauncey* v. *Francis*, 181 Mass. 513, the bequest reads as follows: "I give and bequeath to my brother Stephen Salisbury the sum of $1000 in trust for my nephew Samuel Salisbury, to invest the same and pay the interest of the same to the said Samuel or expend the same for his benefit as said trustee may deem best

and with full power to expend any part or the whole of the principal sum for the benefit of said Samuel." The court held that the $1000 was set apart to be held upon a general trust for Samuel; that he was the sole equitable owner of the fund, and that the directions to the trustees were for the management of the trust during the lifetime of the beneficiary and at the death of the beneficiary the fund went to the representative of his estate.

*Chauncey* v. *Salisbury*, 181 Mass. 516, is strikingly like the case at bar in that, in the will, the testatrix fully provided for the final disposition of one-half of the residue and gave the remaining half in general terms to six nephews and nieces and then added a clause placing the bequests to two in trust, viz: "The remaining half I wish divided among my nephews and nieces, the children of my brothers Stephen and my eldest brother Sam. They consist of Annie Woolsey, William Salisbury, Elizabeth Fitzgerald, Sally Walker, Agnes Chauncey Salisbury, children of my brother Stephen, also Sam Salisbury at the West, son of my brother Sam, to be divided equally among them. The sum I bequeath to William Salisbury and the sum I bequeath to Sam Salisbury I wish put in trust to Elihu Chauncey and they should have the income only." It will be observed that the clause relating to the trust is embodied in a later and separate sentence and is introduced by the verb "wish" while in the case at bar the trust is a part of the very sentence creating the bequest and is introduced by the stronger word "will." The court held that an equitable estate in fee was created in William and Sam, and at the death of the beneficiaries the property became a part of their estates. See also *O'Rourke* v. *Beard*, 151 Mass. 9; *Powers* v. *Rafferty*, 184 Mass. 85; *Sawyer* v. *Banfield*, 55 N. H. 149; *Taylor* v. *Taylor*, 9 R. I. 119; *Greene* v. *Wilbur*, 15 R. I. 251; *Hamilton* v. *Downs*, 33 Conn. 211; *Bransfield* v. *Wigmore*, 80 Conn. 11. In the very recent case of *Plaut* v. *Plaut*, 80 Conn. 673, the testator devised and bequeathed all his property both real and personal to his eight children, four sons and four daughters and to their heirs forever, and then added "but I desire and direct that my said children shall keep my real estate intact and entire if they can do so and that the income of all my property

both real and personal shall be paid to my said daughters above mentioned, excepting those who may be married at and after my death, until they are all married, or in the event of their not marrying until such time as they shall find it convenient without loss to themselves, my said daughters, to divide the income of all said property equally among all my children named herein, sons as well as daughters." The point was sharply raised that the testator in the first part of the paragraph used language which standing alone would have been effective to give his eight children all the property, the real estate in fee simple and the personal estate absolutely. But the court held that the sentences introduced by the word "but" must be also considered in ascertaining the intent, and construed the will to convey a fee simple charged with a trust which would end with the marriage of the last single daughter or sooner by the consent of all the single daughters, and that on the termination of the trust, the legal and beneficial estate would merge in the owners of the legal estate.

It is unnecessary to quote from other decisions at length, but the following cases may be cited where bequests similar in language to that at bar have been held to grant an absolute title in trust. *Lippincott* v. *Stottsenburg*, 47 N. J. Eq. 21; 20 At. 360; *Thieme* v. *Zumpe*, (Ind.) 51 N. E. 86; *Dulin* v. *Moore*, 96 Tex. 135, 70 S. W. 742; *Mee* v. *Gordon*, 187 N. Y. 400, 80 N. E. 353; *Deans* v. *Gay*, N. C., 43 S. E. 643.

We are not aware that the precise question involved in this case has been decided by this court, but the principle was recognized in *Deering* v. *Adams*, 37 Maine, 264, where a fee simple in trust defeasible at the end of twenty years was recognized, and where it was further held that although a will may not contain any express words of grant to executors or any technical words of limitation to them, yet by implication a fee will vest in them, if upon a view of the whole will, such a fee is indispensable to effectuate the objects of the testator, and that where a will creates trusts which require for their effectual execution an estate in fee, such estate will be implied. See also *Pearce* v. *Savage*, 45 Maine, 90; *Buck* v. *Paine*, 75 Maine, 582; *Hersey* v. *Purington*, 96 Maine, 166.

Our conclusion therefore is that the legal title to the property in question was at the date of the service of the trustee writ, in Francis Palmer as trustee under the will of Elizabeth Chase Palmer, that Clinton C. Palmer held only the beneficial interest therein and that said property could not be held on trustee process.

The entry must therefore be,

*Exceptions sustained, trustees discharged.*